credit, and the proceeds of credit, extended to and on behalf of such other person, including credit extended through the use of a credit card, and an electronic fund transfer and the proceeds of an electronic fund transfer from and on behalf of such other person, and a check, draft and similar instrument which is drawn by and on behalf of such other person and is drawn on and payable at and through any financial institution, in violation of Title 31 United States Code, Sections 5363 and 5366.

<u>OVERT ACTS</u>

34.   In furtherance of said conspiracy and to effect the illegal object thereof, ISAI SCHEINBERG, RAYMOND BITAR, SCOTT TOM, BRENT BECKLEY, NELSON BURTNICK, PAUL TATE, RYAN LANG, BRADLEY FRANZEN, IRA RUBIN, CHAD ELIE, and JOHN CAMPOS, the defendants, and others known and unknown, committed the following overt acts, among others, in the Southern District of New York and elsewhere:

a.   On or about October 20, 2008, LANG sent an e-mail to principals of Intabill, reminding them that BURTNICK would soon leave PokerStars and that they had promised to "kick him back" 5 cents for every dollar on Intabill's processing revenue from PokerStars.

b.   On or about January 20, 2009, PokerStars, Full Tilt Poker, and Absolute Poker each received an electronic transfer of funds from a gambler located in the Southern District of New York.

c.   On or about February 11, 2009, BECKLEY sent an e-mail to a co-conspirator not named as a defendant herein requesting that the co-conspirator obtain e-check and credit card processing for Absolute Poker.

d.   On or about April 2, 2009, SCHEINBERG sent an e-mail to a co-conspirator not named as a defendant herein about a PokerStars processing account shut down by a United States bank.

e.   On or about April 3, 2009, LANG, BURTNICK, and BITAR met in Nevada with a co-conspirator not named as a defendant herein about processing payments through tribal banks.

f.   On or about June 4, 2009, FRANZEN sent an e-mail to a co-conspirator not named as a defendant here in and asked for a "payout company ID" for Full Tilt Poker consisting of "something on the shelf with a basic web presence."

g.   On or about June 23, 2009, an unidentified individual at Full Tilt Poker sent an e-mail to FRANZEN that included comments on a call center script used by a payment processor that discussed the importance of not mentioning online poker to anyone calling customer service about a charge on a bank statement.

h.   On or about September 22, 2009, ELIE forwarded to BECKLEY and FRANZEN an e-mail from a bank representative stating that funds in an account opened by ELIE for processing internet

26

marketing payments were being frozen by the bank as gambling funds.

I.    On or about September 29, 2009, CAMPOS sent an e-mail to an attorney in which CAMPOS called the attorney a "wet blanket" for cautioning CAMPOS about processing gambling payments.

j.    On or about October 15, 2009, RUBIN sent an e-mail to TATE about processing PokerStars transactions through a Bank of America account opened in the name of a supposed internet shop selling electronics and other items.

k.    On or about July 20, 2010, CAMPOS flew from New York to Ireland to a meeting regarding processing of poker transactions.

l.    In or around August 2007, Full Tilt Poker processed credit card payments for gambling transactions under the name "PS3SHOP," using a non-gambling credit card code for the transactions, through a credit card network with headquarters in the Southern District of New York.

(Title 18, United States Code, Section 371.)

## COUNT TWO

(Unlawful Internet Gambling Enforcement Act: PokerStars)

The Grand Jury further charges:

35.  Paragraph 1 through 31 of this Indictment are repeated and realleged as if fully set forth herein.

36.    From in or about October 2006 up to and including in or about March 2011, in the Southern District of New York and elsewhere, ISAI SCHEINBERG, NELSON BURTNICK, PAUL TATE, RYAN LANG, BRADLEY FRANZEN, IRA RUBIN, CHAD ELIE, and JOHN CAMPOS, the defendants, persons engaged in the business of betting and wagering and persons aiding and abetting persons in the business of betting and wagering, did knowingly accept, in connection with the participation of another person in unlawful internet gambling, to wit, gambling through PokerStars in violation of New York Penal Law Sections 225.00 and 225.05 and the laws of other states where PokerStars operated, credit, and the proceeds of credit, extended to and on behalf of such other person, including credit extended through the use of a credit card, and an electronic fund transfer and the proceeds of an electronic fund transfer from and on behalf of such other person, and a check, draft and similar instrument which was drawn by and on behalf of such other person and was drawn on and payable at and through any financial institution.

(Title 31, United States Code, Sections 5363 and 5366; Title 18 United States Code, Section 2).

## COUNT THREE

(Unlawful Internet Gambling Enforcement Act: Full Tilt Poker)

The Grand Jury further charges:

37.    Paragraph 1 through 31 of this Indictment are repeated and realleged as if fully set forth herein.

28

38.   From in or about October 2006 up to and including in or about March 2011, in the Southern District of New York and elsewhere, RAYMOND BITAR, NELSON BURTNICK, RYAN LANG, BRADLEY FRANZEN, IRA RUBIN, CHAD ELIE, and JOHN CAMPOS, the defendants, persons engaged in the business of betting and wagering and persons aiding and abetting persons in the business of betting and wagering, did knowingly accept, in connection with the participation of another person in unlawful internet gambling, to wit, gambling through Full Tilt Poker in violation of New York Penal Law Sections 225.00 and 225.05 and the laws of other states where Full Tilt Poker operated, credit, and the proceeds of credit, extended to and on behalf of such other person, including credit extended through the use of a credit card, and an electronic fund transfer and the proceeds of an electronic fund transfer from and on behalf of such other person, and a check, draft and similar instrument which was drawn by and on behalf of such other person and was drawn on and payable at and through any financial institution.

(Title 31, United States Code, Sections 5363 and 5366; Title 18 United States Code, Section 2).

## COUNT FOUR

(Unlawful Internet Gambling Enforcement Act: Absolute Poker)

The Grand Jury further charges:

39.   Paragraph 1 through 31 of this Indictment are repeated and realleged as if fully set forth herein.

40.   From in or about October 2006 up to and including in or about March 2011, in the Southern District of New York and elsewhere, SCOTT TOM, BRENT BECKLEY, RYAN LANG, BRADLEY FRANZEN, IRA RUBIN and CHAD ELIE, the defendants, persons engaged in the business of betting and wagering and persons aiding and abetting persons in the business of betting and wagering, did knowingly accept, in connection with the participation of another person in unlawful internet gambling, to wit, gambling through Absolute Poker in violation of New York Penal Law Sections 225.00 and 225.05 and the laws of other states where Absolute Poker operated, credit, and the proceeds of credit, extended to and on behalf of such other person, including credit extended through the use of a credit card, and an electronic fund transfer and the proceeds of an electronic fund transfer from and on behalf of such other person, and a check, draft and similar instrument which was drawn by and on behalf of such other person and was drawn on and payable at and through any financial institution.

(Title 31, United States Code, Sections 5363 and 5366; Title 18
United States Code, Section 2).

## COUNT FIVE

(Operation of an Illegal Gambling Business: PokerStars)

The Grand Jury further charges:

41.   Paragraph 1 through 31 of this Indictment are repeated and realleged as if fully set forth herein.

30

42.    From at least in or about 2001 up to and including in or about March 2011, in the Southern District of New York and elsewhere, ISAI SCHEINBERG, NELSON BURTNICK, PAUL TATE, RYAN LANG, BRADLEY FRANZEN, IRA RUBIN, CHAD ELIE, and JOHN CAMPOS, the defendants, unlawfully, willfully, and knowingly did conduct, finance, manage, supervise, direct, and own all and part of an illegal gambling business, namely a business that engaged in and facilitated online poker, in violation of New York State Penal Law Sections 225.00 and 225.05 and the law of other states in which the business operated, and which business involved five and more persons who conducted, financed, managed, supervised, directed, and owned all and part of that business, and which business had been and had remained in substantially continuous operation for a period in excess of thirty days and had gross revenues of $2,000 in a single day, to wit, the defendants operated and aided and abetted the operation of Pokerstars.

(Title 18, United States Code, Sections 1955 and 2.)

## COUNT SIX

(Operation of an Illegal Gambling Business: Full Tilt Poker)

The Grand Jury further charges:

43.    Paragraphs 1 through 31 of this Indictment are repeated and realleged as if fully set forth herein.

44.    From in or about 2004 up to and including in or about March 2011, in the Southern District of New York and

31

elsewhere, RAYMOND BITAR, NELSON BURTNICK, RYAN LANG, BRADLEY FRANZEN, IRA RUBIN, CHAD ELIE, and JOHN CAMPOS, the defendants, unlawfully, willfully, and knowingly did conduct, finance, manage, supervise, direct, and own all and part of an illegal gambling business, namely a business that engaged in and facilitated online poker, in violation of New York State Penal Law Sections 225.00 and 225.05 and the law of other states in which the business operated, and which business involved five and more persons who conducted, financed, managed, supervised, directed, and owned all and part of that business, and which business had been and had remained in substantially continuous operation for a period in excess of thirty days and had gross revenues of $2,000 in a single day, to wit, the defendants operated and aided and abetted the operation of Full Tilt Poker.

(Title 18, United States Code, Sections 1955 and 2.)

## COUNT SEVEN

(Operation of an Illegal Gambling Business: Absolute Poker)

The Grand Jury further charges:

45.  Paragraphs 1 through 31 of this Indictment are repeated and realleged as if fully set forth herein.

46.  From in or about 2003 up to and including in or about March 2011, in the Southern District of New York and elsewhere, BRENT BECKLEY, RYAN LANG, BRADLEY FRANZEN, IRA RUBIN and CHAD ELIE, the defendants, unlawfully, willfully, and

32

knowingly did conduct, finance, manage, supervise, direct, and own all and part of an illegal gambling business, namely a business that engaged in and facilitated online poker, in violation of New York State Penal Law Sections 225.00 and 225.05 and the law of other states in which the business operated, and which business involved five and more persons who conducted, financed, managed, supervised, directed, and owned all and part of that business, and which business had been and had remained in substantially continuous operation for a period in excess of thirty days and had gross revenues of $2,000 in a single day, to wit, the defendants operated and aided and abetted the operation of Absolute Poker.

(Title 18, United States Code, Sections 1955 and 2.)

## COUNT EIGHT

(Conspiracy to Commit Bank and Wire Fraud)

The Grand Jury further charges:

47.    Paragraphs 1 through 31 and 34 of this Indictment are repeated and realleged as if fully set forth herein.

48.    From at least in or about 2006, up to and including on or about March 2011, in the Southern District of New York and elsewhere, ISAI SCHEINBERG, RAYMOND BITAR, BRENT BECKLEY, NELSON BURTNICK, PAUL TATE, RYAN LANG, BRADLEY FRANZEN, IRA RUBIN, and CHAD ELIE, the defendants, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit bank

33

fraud, in violation of Title 18, United States Code, Section 1344, and wire fraud, in violation of Title 18, United States Code, Section 1343.

49. It was a part and an object of the conspiracy that ISAI SCHEINBERG, RAYMOND BITAR, BRENT BECKLEY, NELSON BURTNICK, PAUL TATE, RYAN LANG, BRADLEY FRANZEN, IRA RUBIN, and CHAD ELIE, the defendants, and others known and unknown, unlawfully, willfully, and knowingly would and did execute and attempt to execute a scheme and artifice to defraud a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation, and to obtain monies, funds, credits, assets, securities, and other property owned by and under the custody and control of that financial institution by means of false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344.

50. It was further a part and an object of the conspiracy that ISAI SCHEINBERG, RAYMOND BITAR, BRENT BECKLEY, NELSON BURTNICK, PAUL TATE, RYAN LANG, BRADLEY FRANZEN, IRA RUBIN, and CHAD ELIE, the defendants, and others known and unknown, unlawfully, willfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and televison

34

communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343, to wit, the defendants participated in a scheme involving wire communications to deceive financial institutions and other financial intermediaries into processing and authorizing payments to and from the Poker Companies and United States gamblers by disguising the transactions to create the false appearance that they were unrelated to gambling, and thereby to obtain money of, or under the custody and control of, those financial institutions and intermediaries.

(Title 18, United States Code, Section 1349).

## COUNT NINE

(Money Laundering Conspiracy)

The Grand Jury further charges:

51.  Paragraphs 1 through 31 and 34 of this Indictment are repeated and realleged as if fully set forth herein.

52.  From at least in or about 2006, up to and including in or about March 2011, in the Southern District of New York and elsewhere, ISAI SCHEINBERG, RAYMOND BITAR, SCOTT TOM, BRENT BECKLEY, NELSON BURTNICK, PAUL TATE, RYAN LANG, BRADLEY FRANZEN, IRA RUBIN, CHAD ELIE, and JOHN CAMPOS, the defendants, and others known and unknown, unlawfully, willfully and knowingly did combine, conspire, confederate and agree together and with each

35

other to violate Title 18, United States Code, Sections 1956 and
1957.

53.  It was a part and an object of said conspiracy that
ISAI SCHEINBERG, RAYMOND BITAR, SCOTT TOM, BRENT BECKLEY, NELSON
BURTNICK, PAUL TATE, RYAN LANG, BRADLEY FRANZEN, IRA RUBIN, CHAD
ELIE, and JOHN CAMPOS, the defendants, and others known and
unknown, would and did transport, transmit, transfer and attempt
to transport, transmit, and transfer a monetary instrument and
funds from a place in the United States to a place in the United
States from and through a place outside the United States, with
intent to promote the carrying on of specified unlawful activity,
to wit, the operation of an illegal gambling business, in
violation of Title 18, United States Code, Section 1956(a)(2)(A).

54.  It was a further a part and an object of the
conspiracy that ISAI SCHEINBERG, RAYMOND BITAR, SCOTT TOM, BRENT
BECKLEY, NELSON BURTNICK, PAUL TATE, RYAN LANG, BRADLEY FRANZEN,
IRA RUBIN, CHAD ELIE, and JOHN CAMPOS, the defendants,  and others
known and unknown, in an offense that took place in the United
States, unlawfully, willfully and knowingly, would and did engage
in monetary transactions in criminally derived property of a value
greater than $10,000 and which was derived from specified unlawful
activity, to wit, the operation of an illegal gambling business,
in violation of Title 18, United States Code, Section 1957(a).

(Title 18, United States Code, Section 1956(h)).

36

### FORFEITURE ALLEGATION AS TO COUNTS FIVE, SIX, AND SEVEN

55.    As a result of committing one or more of the gambling offenses alleged in Counts Five, Six, and Seven of this Indictment, ISAI SCHEINBERG, RAYMOND BITAR, SCOTT TOM, BRENT BECKLEY, NELSON BURTNICK, PAUL TATE, RYAN LANG, BRADLEY FRANZEN, IRA RUBIN, CHAD ELIE, and JOHN CAMPOS, the defendants, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)© and 28 U.S.C. § 2461, all property, real and personal, that constitutes and is derived from proceeds traceable to the commission of these gambling offenses, and, pursuant to 18 U.S.C. § 1955(d), all property, including money, used in committing these gambling offenses, including but not limited to the following:

a.    A sum of money representing the amount of proceeds obtained as a result of operation of the unlawful gambling businesses alleged in Counts Five through Seven and the amount of property used in committing the gambling offenses alleged in Counts Five through Seven, delineated as follows:

1)    with respect to Count Five, the operation of PokerStars, at least approximately $1.5 billion in U.S. currency;

2)    with respect to Count Six, the operation of Full Tilt Poker, at least approximately $1 billion in U.S. currency; and

3)    with respect to Count Seven, the operation of Absolute Poker, at least approximately $500 million in United States currency;

37

        b.    All of the defendants' right, title, and interest

in the following entities and businesses:

        1.    PokerStars,

        2.    Full Tilt Poker,

        3.    Absolute Poker,

        4.    Ultimate Bet,

        5.    Oldford Group Ltd.,

        6.    Rational Entertainment Enterprises Ltd.,

        7.    Pyr Software Ltd.,

        8.    Stelekram Ltd.,

        9.    Sphene International Ltd.,

        10.   Tiltware LLC,

        11.   Kolyma Corporation A.V.V.,

        12.   Pocket Kings Ltd.,

        13.   Pocket Kings Consulting Ltd.,

        14.   Filco Ltd.,

        15.   Vantage Ltd.,

        16.   Ranston Ltd.,

        17.   Mail Media Ltd.,

        18.   Full Tilt Poker Ltd.,

        19.   SGS Systems Inc.,

        20.   Trust Services Ltd,

        21.   Fiducia Exchange Ltd.,

        22.   Blue Water Services Ltd.,

        23.   Absolute Entertainment, S.A., and

24.   Blanca Games, Inc. of Antigua;

c.   All of the defendants' right, title, and interest in funds and other property held in the following domestic accounts:

1.   all funds formerly on deposit in account numbered 121015390 held at Sunfirst Bank, St. George, Utah, in the name of Triple Seven LP d/b/a A WEB DEBIT, presently held in escrow, and all funds traceable thereto;

2.   all funds formerly on deposit in account numbered 121015408 held at Sunfirst Bank, St. George, Utah, in the name of Triple Seven LP d/b/a Netwebfunds.com, presently held in escrow, and all funds traceable thereto;

3.   all funds formerly on deposit in account numbered 121015333 held at Sunfirst Bank, St. George, Utah, in the name of Triple Seven LP d/b/a Netwebfunds.com, presently held in escrow, and all funds traceable thereto;

4.   account numbered 129000576 on deposit at Sunfirst Bank, St. George, Utah, formerly in the name of Sunfirst Bank ITF Mastery Merchant/Psars, now in the name of Sunfirst Bank, and all funds traceable thereto;

5.   account numbered 12900584 on deposit at Sunfirst Bank, St. George, Utah, formerly in the name of Sunfirst Bank ITF Powder Monkeys/Full Tilt, now in the name of Sunfirst Bank, and all funds traceable thereto;

39

6.    account numbered 1093 held at Vensure Federal Credit Union, Mesa, Arizona, in the name of Trinity Global Commerce Corp., and all funds traceable thereto;

7.    account numbered 898039077711 held at Bank of America, N.A., Charlotte, North Carolina, in the name of ASC Management Services Group, and all funds traceable thereto;

8.    account numbered 200003309 held at All American Bank, N.A., Des Plaines, Illinois, in the name of 21 Debit LLC, and all funds traceable thereto;

9.    account numbered 200003291 held at All American Bank, Des Plaines, Illinois, in the name of 21 Debit LLC, and all funds traceable thereto;

10.    account numbered 200003325 held at All American Bank, Des Plaines, Illinois, in the name of 21 Debit LLC, and all funds traceable thereto;

11.    account numbered 200003317 held at All American Bank, Des Plaines, Illinois, in the name of 21 Debit LLC, and all funds traceable thereto;

12.    account numbered 0200003358 held at All American Bank, Des Plaines, Illinois, in the name of Kemp & Grzelakowski Ltd., escrow agent, for the benefit of 21 Debit LLC, and all funds traceable thereto;

13.    account numbered 23000101 held at All American Bank, Des Plaines, Illinois, in the name of Kemp & Grzelakowski

Ltd., escrow agent, for the benefit of 21 Debit LLC, and all funds traceable thereto;

14. account numbered 32441 held at New City Bank, Chicago, Illinois, in the name of 21 Debit LLC, and all funds traceable thereto;

15. account numbered 32506 held at New City Bank, Chicago, Illinois, in the name of 21 Debit LLC, and all funds traceable thereto;

16. account numbered 32433 held at New City Bank, Chicago, Illinois, in the name of 21 Debit LLC, and all funds traceable thereto;

17. account formerly numbered 953500105 held at Bank One, Utah, N.A., now JPMorgan Chase Bank, N.A., in the name of 4 A Consulting, and all property traceable thereto;

18. account numbered 730666271 held at Whitney National Bank, New Orleans, Louisiana, in the name of Ndeka LLC, and all funds traceable thereto;

19. account numbered 09300053086 held at Mutual of Omaha Bank in the name of ASC Management Services, and all funds traceable thereto;

20. account numbered 148348510 held at Branch Banking & Trust in the name of ASC Management Services Group, an all funds traceable thereto;

41

21.    account numbered 9117162742 held at Citibank, N.A., in the name of ASC Management Services Group, and all funds traceable thereto;

22.    account numbered 7600710425 formerly held at Mercantile Bank, Florida, now TD Bank, N.A., in the name of Payonix, and all funds traceable thereto;

23.    account numbered 229023757111 held at Bank of America, N.A., in the name of Buyvo Inc., and all funds traceable thereto;

24.    account numbered 266086554 held at Citibank, N.A., in the name of ASC Management Services Group, and all funds traceable thereto;

25.    account numbered 4203790 held at First Tier Bank, Colorado, in the name of Omega Systems Group, and all funds traceable thereto;

26.    account numbered 103678753536 held at US Bank Co. In the name of Omega Systems Group, and all funds traceable thereto;

27.    account numbered 0049901761 held at BankUnited, Florida, in the name of Omega Systems Inc., and all funds traceable thereto;

28.    account numbered 00052606411 held at M&I Marshall and Ilsley Bank, Milwaukee, Wisconsin, in the name of Omega Systems Group, Inc., and all funds traceable thereto;

29. account numbered 1892947126 held at Comerica Bank, Dallas, Texas, in the name of Tiltware, and all funds traceable thereto;

30. account numbered 1892947134 held at Comerica Bank, Dallas, Texas, in the name of Tiltware, and all funds traceable thereto;

31. account numbered 800801483 held at Comerica Bank, Dallas, Texas, in the name of Raymond Bitar, and all funds traceable thereto; and

32. account numbered 800922552 held at Comerica Bank, Dallas, Texas, in the name of Raymond Bitar, and all funds traceable thereto;

d. All of the defendants' right, title, and interest in funds and other property held in the following foreign accounts:

1. account numbered 27894506164 held at Bank of Montreal, Canada, in the name of Axiom Foreign Exchange Intl, for the benefit of Redfall International, and all funds traceable thereto;

2. Credit Agricole (Suisse) SSA, Switzerland, Account no. 27351910081015, in the name of Sphene (Intl) LTD, and all funds traceable thereto;

3. account numbered 27351910081015 held at Societé Generale Cyprus LTD, Cyprus, in the name of Golden Shores Properties LTD, and all funds traceable thereto;

43

4.    account numbered 7283 held at Wirecard Bank AG, Germany, in the name of Kolyma Corporation, and all funds traceable thereto;

5.    account numbered CY1211501001065983USDCACC002 held at FBME Bank LTD, Cyprus, in the name of Triple Seven Inc., and all funds traceable thereto;

6.    account numbered 004-411-346034-838 held at Hong Kong and Shanghai Banking Corporation, Hong Kong, in the name of Griting Investments LTD, and all funds traceable thereto;

7.    account numbered MT54 SBMT 5550 50000000 1678 2GAU SDO, held at Sparkasse Bank Malta PLC, Malta, in the name of Trinity Global Commerce Corp., and all funds traceable thereto;

8.    account numbered 1200402039 held at Banca Privada D'Andorra, Andorra, in the name of Trinity Global Commerce Corp., and all funds traceable thereto;

9.    account numbered 0815305390803077 held at Caisse Centrale Des Jardines, a/k/a Caisse Populaire Kahnawake, Canada, in the name of TMC Financial Services, and all funds traceable thereto;

10.    at Union Bank of the Philippines, Philippines, held in the name Krores Cards, Inc., and all funds traceable thereto;

11.    account numbered 201002907 held at Barclay's Bank, England, Hotwire Financial LLC, and all funds traceable thereto;

44

12.  account numbered GB26BARC20473563472044 held at Barclay's Bank, England, Hotwire Financial LLC, and all funds traceable thereto;

13.  at Banque Hapoalim (Suisse) SA, Luxembourg, in the name of Sphene (Intl) LTD, and all funds traceable thereto;

14.  account numbered 27554003786 held at Royal Bank of Canada, Canada, in the in the name of Terricorp Inc. d/b/a TLC Global, and all funds traceable thereto;

15.  account numbered 27554003760 held at Royal Bank of Canada, Canada, in the in the name of Terricorp Inc. d/b/a TLC Global, and all funds traceable thereto;

16.  account numbered 27554001038 held at Royal Bank of Canada, Canada, in the in the name of Terricorp Inc. d/b/a TLC Global, and all funds traceable thereto;

17.  account numbered 27551017789 held at Royal Bank of Canada, Canada, in the in the name of Terricorp Inc. d/b/a TLC Global, and all funds traceable thereto;

18.  account numbered 000759 held at Basler Kantonal Bank, Switzerland, in the name of Vantage, and all funds traceable thereto;

19.  account numbered 2208887 held at Basler Kantonal Bank, Switzerland, in the name of Vantage, and all funds traceable thereto;

20. account numbered CH7300770252534932001 held at Basler Kantonal Bank, Switzerland, in the name of Mailmedia LTD, and all funds traceable thereto;

21. account numbered CH7000770016542254461 held at Basler Kantonal Bank, Switzerland, in the name of Ranston LTD, and all funds traceable thereto;

22. account numbered IE85AIBK93006727971082 held at Allied Irish Bank, Ireland, in the name of Filco Ltd., and all funds traceable thereto;

23. account numbered IE07DABA95151340074209 held at Danske Bank A/S, Denmark, in the name of Pocket Kings LTD, and all funds traceable thereto;

24. account numbered LU811944013080000USD held at Banque Invik, Luxembourg, in the name of Vantage Limited, and all funds traceable thereto;

25. account numbered CH4308755011432400000 held at Pictet and Co., Switzerland, in the name of Rintrade Finance SA, and all funds traceable thereto;

26. account numbered 61-12-9436-6 held at Banco Panameno De La Vivienda SA, Panama, in the name of Disora Investment, Inc., and all funds traceable thereto;

27. account numbered 0011271083 held at Citibank London, England, in the name of Mundial Valores, for the benefit of Disora Investment, Inc., MAM000804, and all funds traceable thereto;

28. account numbered
MT14SBMT55505000000011451GAEURO held at Sparkasse Bank Malta,
Malta, in the name of Tokwiro Enterprises Enrg, and all funds
traceable thereto;

29. account numbered MT23SBMT5550500000001108 held
at Sparkasse Bank Malta, Malta, in the name of Blue Water Services
LTD, and all funds traceable thereto;

30. account numbered 60092074136054 held at
Natwest, Jersey, in the name of Raymond Bitar, and all funds
traceable thereto;

31. account numbered 95434087766 held at Natwest,
Channel Islands, in the name of Raymond Bitar, and all funds
traceable thereto;

32. account numbered 91707289 held at Bank of
Ireland, Ireland, in the name of Raymond Bitar, and all funds
traceable thereto;

33. account numbered 99045014745206 held at Bank
of Scotland Ireland, Inc., Ireland, in the name of Raymond Bitar,
and all funds traceable thereto;

34. account numbered 99045014801116 held at Bank
of Scotland Ireland, Inc., Ireland, in the name of Pocket Kings
Consulting LTD, and all funds traceable thereto;

35. account numbered IE58IPBS9906291390203 held at
Irish Permanent Treasury, PLC, in the name of Pocket Kings, and
all funds traceable thereto;

36.    account numbered 95151380025186 held at National Irish Bank, Ireland, in the name of Raymond Bitar, and all funds traceable thereto;

37.    account numbered 95151340062618 held at National Irish Bank, Ireland, in the name of Raymond Bitar, and all funds traceable thereto;

38.    account numbered 99022000439546 held at Anglo Irish Bank, Ireland, in the name of Pocket Kings Consulting LTD, and all funds traceable thereto;

39.    account numbered 99022000440162 held at Anglo Irish Bank, Ireland, in the name of Pocket Kings Consulting LTD, and all funds traceable thereto;

40.    account numbered 26257031 held at Allied Irish Bank, Ireland, in the name of Raymond Bitar, and all funds traceable thereto;

41.    account numbered 7262 held at Wirecard Bank AG, Germany, in the name of Raymond Bitar, and all funds traceable thereto;

42.    account numbered 7244 held at Wirecard Bank AG, Germany, in the name of Raymond Bitar, and all funds traceable thereto;

43.    account numbered 52409 held at Wirecard Bank AG, Germany, in the name of Relecomm Ltd., and all funds traceable thereto;

44. account numbered CH150874101409380000 held at Credit Agricole (Suisse) SA, Switzerland, in the name of Oldford Group LTD, and all funds traceable thereto; and

45. account numbered DE34512308000000007283 held at Wirecard Bank AG, Germany, in the name of Kolyma Corp., and all funds traceable thereto.

## FORFEITURE ALLEGATION AS TO COUNT EIGHT

56. As a result of committing the offense of conspiring to commit bank fraud and wire fraud as alleged in Count Eight of this Indictment, ISAI SCHEINBERG, RAYMOND BITAR, BRENT BECKLEY, NELSON BURTNICK, PAUL TATE, RYAN LANG, BRADLEY FRANZEN, IRA RUBIN, and CHAD ELIE, the defendants, shall forfeit to the United States, pursuant to 18 U.S.C. § 982, all property constituting or derived from proceeds obtained directly and indirectly as a result of the offense alleged in Count Eight, including but not limited to the following

a. A sum of money of at least $2 billion in United States currency.

b. All of the defendants' right, title, and interest in the entities, businesses, and accounts described in paragraph 55(b), ©, and (d), which are incorporated by reference herein.

## FORFEITURE ALLEGATION AS TO COUNT NINE

57. As a result of committing the offense of conspiring to commit money laundering as alleged in Count Nine of this Indictment, ISAI SCHEINBERG, RAYMOND BITAR, SCOTT TOM, BRENT

49

BECKLEY, NELSON BURTNICK, PAUL TATE, RYAN LANG, BRADLEY FRANZEN, IRA RUBIN, CHAD ELIE, and JOHN CAMPOS, the defendants, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), all property, real and personal, involved in the offense alleged in Count Nine, and all property traceable to such property, including but not limited to the following:

     a.   A sum of money of at least $2.5 billion in United States currency.

     b.   All of the defendants' right, title, and interest in the entities, businesses, and accounts described in paragraph 55(b), ©, and (d), which are incorporated by reference herein.

## Substitute Assets Provision

     58.  If any of the forfeitable property described in paragraphs 55 through 57 above, as a result of any act or omission of the defendants:

     a.   cannot be located upon the exercise of due diligence;

     b.   has been transferred or sold to, or deposited with, a third person;

     c.   has been placed beyond the jurisdiction of the Court;

     d.   has been substantially diminished in value; or

     e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. §

982(b) and 21 U.S.C. § 853(p), to seek forfeiture of any other

property of said defendant up to the value of the above

forfeitable property.

    (Title 18, United States Code, Sections 981, 982, and 1955;
Title 21, United States Code, Section 853; Title 28, United States
Code, Section 2461.)


_____
FOREPERSON

_____
PREET BHARARA
United States Attorney

51

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v -

ISAI SCHEINBERG,
RAYMOND BITAR,
SCOTT TOM,
BRENT BECKLEY,
NELSON BURTNICK,
PAUL TATE,
RYAN LANG,
BRADLEY FRANZEN,
IRA RUBIN,
CHAD ELIE, and
JOHN CAMPOS,

Defendants.

## INDICTMENT

S3 10 Cr. 336 (LAK)

(18 U.S.C. §§ 371, 1349, 1955,
1956(h), and 2.)

PREET BHARARA
United States Attorney.

A TRUE BILL

Foreperson.

3-10-11

Filed Indictment under Seal
A/W issued

For
J.S.M.J.